DANIEL DONOVAN
Attorney at Law
P.O. Box 6573
Great Falls, MT 59406
dan@danieldonovanlaw.com
Telephone: (406) 868-3753

JASON T. HOLDEN
Faure Holden Attorneys at Law, PC
P.O. Box 2466
Great Falls, MT 59403
jholden@faureholden.com
Telephone: (406) 452-6500

*Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-vs-<br><br>THOMAS ANDREW QUINTON,<br><br>Defendant. | Cause No. CR 13-67-GF-BMM<br><br>**MEMORANDUM IN AID OF SENTENCING** |

## I. INTRODUCTION.

THOMAS ANDREW QUINTON (Mr. Quinton), the above-named Defendant, by and through his counsel of record, DANIEL DONOVAN and JASON T. HOLDEN, comes before the Court for sentencing on a single Count of Traveling with

Intent to Engage in Illicit Sexual Conduct. Mr. Quinton faces a maximum of 30 years imprisonment, lifetime supervised release, and a $250,000 fine.

The United States Probation Officer has calculated an advisory Guidelines range of 46 to 57 months (Total Offense Level 13; Criminal History Category I). Mr. Quinton respectfully requests that after considering the advisory Guideline range and all of the factors contained in 18 U.S.C. §3553(a) that the Court impose a 36 month sentence as a sufficient, but not greater than necessary sentence.

## II. ARGUMENT AND ANALYSIS.

### A. A Sentence of 36 Months Accomplishes the Goals of Retribution, Deterrence and Rehabilitation.

Today over seven million Americans are under some form of correctional supervision, whether it be direct incarceration or probation. *See* Adam Gopnik, *The Caging of America, The New Yorker*, Jan. 30, 2012. Although crime rates in the United States of America have not been markedly higher than those of other industrialized nations since the 1970's, America's incarceration rate has soared. *See* Michelle Alexander, *The New Jim Crow* (New York: New Press 2010) at Pg. 7. For instance, between 1960 and 1990 crime rates in Finland, Germany and the United States were close to identical, but the United States incarceration rate quadrupled. *Id.* And it hasn't effectively worked to deter crime as today the

United States boasts an incarceration rate that is six (6) to ten (10) times greater than that of other industrialized nations, and yet our crime rate has barely dipped below the international average. *Id.* at Pg. 8 *citing* Michael Tonry, *Thinking About Crime: Sense and Sensibility in American Penal Culture* (New York: Oxford University Press 2004) at Pg. 20.

It is also becoming increasingly clear that there is no direct correlation between incarceration and a lower crime rate. Some scholars suggest that seventy-five percent (75%) of the factors affecting lower crime rates have nothing to do with incarceration. *See* Ryan S. King et. al., *Incarceration and Crime: A Complex Relationship* (The Sentencing Project Washington D.C. 2005).

To what end then, do we sentence? If a sentence of incarceration does not correlate to general deterrence, what is our purpose when we sentence an individual to a term of incarceration. Are we simply imposing punishment? Are we *attempting* to protect society from a dangerous individual by removing him and placing him in a much more isolated and dangerous environment? And the issue of course, is not *why* do we punish, but *how* do we punish. That is, how *long* is *long* enough to accomplish some or all of the goals and purposes of sentencing?

Do longer sentences, simply because they are available, accomplish the core goals of 18 U.S.C. §3553(a)? The answer has to be no. The statistics illustrate

3

that longer terms of incarceration do not accomplish any other goal except to punish. There is a point at which there is a diminishing return. Certainly §3553(a) and the United States Supreme Court *United States v. Booker,* 543 U.S. 220 (2005), recognize this conclusion. That is why the primary sentencing mandate of §3553(a) states that this Court must impose the *minimally sufficient* sentence to achieve the statutory purposes of punishment: justice, deterrence, incapacitation, and rehabilitation, i.e., "The court shall impose a sentence *sufficient, but not greater than necessary*." *See, e.g., Gall v. United States*, 552 U.S. 38 (2007).

      Mr. Quinton comes before this Court as one of the millions of the incarcerated in America. He is Canadian citizen who, at the end of his sentence, will never again be allowed to enter America. He is shamed. He is confused as to how he, a husband, father and dedicated employee, could have committed this crime. He is working on coming to terms with his crime. As he said to this Court, in relevant part, in his acceptance of responsibility letter:

> I know that I have nobody to blame but myself and the choices I made to show up at the house. I never thought that I would ever be in the situation that I am in, and I didn't think my addiction to pornography and online chating would led me here. I know I have a problem and I never asked for help . . . I truely am sorry and hope that I will be able to prove that I can become a better person husband and father with the right help I want to thank you for your time.

PSR ¶14.

He wants to know that his acceptance of responsibility and plea of guilty matter for more than the purpose of a conviction. Mr. Quinton has no criminal history. He has never spent a single day in jail before this crime. To him, and for him, a 36 month sentence will be the equivalent of a lifetime.

### B. The Presentence Investigation Report.

Mr. Quinton has carefully reviewed the PSR with his counsel. No objections have been lodged by either party. Notably, Mr. Quinton has no criminal history. PSR ¶ 28. Furthermore, the PSR accurately sets forth his personal and family data, physical condition, mental and emotional health, educational and vocational skills, employment record, and financial condition. PSR ¶ 31 to 55.

### C. Sentencing Letters.

As recognized in *Booker,* the Guidelines sentencing range of 46 to 57 months is calculated under system that disregards Mr. Quinton's personal history and individual characteristics. It is a formula and nothing more. That is why the §3553(a) factors become so important when consider the appropriate sentence for Mr. Quinton.

To provide a more complete picture of who Mr. Quiinton is, filed herewith are ten (10) sentencing letters. The facts contained in the PSR, supplemented by

5

the sentencing letters, shows that Mr. Quinton is good husband and father who has made a terrible mistake. There is good reason to believe that, with proper guidance and support, Mr. Quinton will never again commit a crime. PSR ¶40-42.

### D. Sentencing Witnesses.

Mr. Quinton intends to call two witnesses at the sentencing hearing. One witness, Michael Scolatti, P.hD., will testify as to the psychosexual evaluation he prepared in this case. PSR ¶¶ 40-42. Dr. Scolatti is expected to testify more fully as to his findings and his recommendations for treatment.

The second witness is Mr. Quinton's father, Don, who will testify as to his son's life and background as well as about the support and resources which will be provided to his son upon his return home to Canada.

### E. A Sentence of 36 Months is Sufficient, but Not Greater than Necessary.

The primary sentencing mandate of §3553(a) states that this Court must impose the minimally-sufficient sentence to achieve the statutory purposes of punishment: justice, deterrence, incapacitation, and rehabilitation.

After calculating the proper Guidelines sentence as the "initial benchmark," this Court must then consider each of the § 3553(a) factors to impose a sentence sufficient, but not greater than necessary to fulfill the purposes of sentencing. *See,*

6

*e.g., Gall v. United States*, 552 U.S. 38 (2007). All parties agree that the proper "initial benchmark" is 46 to 57 months.

Mr. Quinton respectfully suggests that when this Court looks at the totality of circumstances surrounding this case, his life and all of the available evidence, that a sentence of 36 months would be just punishment. Such a sentence would be sufficient, but not greater than necessary, to accomplish the underlying purposes of sentencing.

### 1. Reflect Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment

Mr. Quinton has more than come to terms with the seriousness of his offense. A prison term of 36 months will properly reflect the seriousness of the offense, promote respect for the law and provide just punishment.

### 2. Deterrence

Mr. Quinton has been deterred. Given his lack of criminal history and his personal history and characteristics, he is not likely to re-offend. A sentence of 36 months will sufficient deter Mr. Quinton.

### 3. Protect the Public from Further Crimes of the Defendant

With professional treatment and counseling, along with the support of his family, friends and community, the public will be protected from the possibility of

further crimes by Mr. Quinton. Under these circumstances, he will not be a threat to the public. A sentence of 36 months protects the public.

### 4. Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

Dr. Scolatti has determined that, if Mr. Quinton is provided with community-based sex offender treatment, he is not likely to re-offend and he will not be a danger to society. Thus, a 36 month sentence is sufficient, but not greater than necessary.

## III. CONCLUSION.

For the reasons stated above and as will be presented at the sentencing hearing, applying the criteria set forth in §3553(a) to Mr. Quinton's case, a 36 month sentence is just punishment for his crime.

RESPECTFULLY SUBMITTED this 29th day of January, 2014.

THOMAS ANDREW QUINTON

By /s/ Daniel Donovan & Jason T. Holden
DANIEL DONOVAN & JASON T. HOLDEN
*Counsel for Defendant*

## CERTIFICATE OF COMPLIANCE
## L.R. 7.1(d)(2)(as amended)

I hereby certify that the foregoing document is in compliance with Local Rule 7.1(d)(2)(as amended). The document's line spacing is double spaced, and is proportionately spaced, with a 14 point font size and contains less than 6,500 words.

DATED this 29th day of January, 2014.

       /s/ Jason T. Holden
JASON T. HOLDEN
*Co-Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 29, 2014, a copy of the foregoing document was served on the following persons by the following means:

__1, 2__      CM-ECF

__4__      Hand Delivery

_____      Mail

_____      Overnight Delivery Service

_____      Fax

__3__      E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. MICHAEL S. LAHR
Assistant U.S. Attorney
michael.lahr@usdoj.gov
*Counsel for Plaintiff*

3. ANDREA L. HEDGES
United States Probation Officer
andrea_hedges@mtp.uscourts.gov

4. THOMAS ANDREW QUINTON
c/o Daniel Donovan & Jason T. Holden
*Defendant*

                                        /s/ Jason T. Holden
                                        JASON T. HOLDEN
                                        *Co-Counsel for Defendant*