MICHAEL S. LAHR
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130
E-Mail: Michael.Lahr@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS ANDREW QUINTON,<br><br>Defendant. | CR 13-67-GF-BMM<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM** |

The United States, by and through Michael S. Lahr, Assistant United States Attorney for the District of Montana, hereby submits its Response to the Defendant's Sentencing Memorandum.  In this case, Thomas Quinton pleaded guilty to the single-count indictment charging him with travel with the intent to

engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). The United States Probation Office has calculated an advisory Guidelines range of 46 to 57 months. The defendant does not dispute the Guidelines calculation but argues that a below-Guidelines sentence would be appropriate in this case. The United States disagrees and recommends a sentence within the Guidelines range. As set forth more fully in the discussion below, the defendant has not shown why his case should be considered outside the heartland of cases addressing this crime. The nature of the offense and the intensity by which the defendant sought to achieve his ends militate against any sentence below the Guidelines range.

Section 3553(a) of Title 18 of the United States Code contains prefatory language —"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;
- promote respect for the law;
- provide just punishment for the offense;
- afford adequate deterrence to criminal conduct;
- protect the public from further crimes of the defendant; and,
- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In addition, subsection (1) of § 3553(a) requires the court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; subsection (3) requires the court to consider the kinds of sentences available; subsections (4), (5), and (6) require the Court to consider the sentencing guidelines and policy statements, and to avoid unwarranted sentencing disparity; and subsection (7) requires the Court to provide restitution to victims.

Although the Sentencing Guidelines are now advisory, they nonetheless serve an important function in sentencing. Indeed, the post-*Booker* federal sentencing scheme "aims to achieve uniformity by ensuring that sentencing decisions are anchored by the Guidelines and that they remain a meaningful benchmark through the process of appellate review." *Peugh v. United States*, 33 S.Ct. 2072, 2083 (U.S. 2013).

Before varying from the guideline range, courts must be careful to recognize the important function that the Guidelines play. For example, in *Kimbrough v. United States*, 552 U.S. 85, 107 (2007), the Supreme Court acknowledged that the work of the Sentencing Commission creates a familiar harbor— an informed heartland — which generally provides for equality of treatment, consistency in outcome, and a semblance of sentencing reliability for litigants and society.

Reference to the Guidelines is a required starting point because they create a norm where sentences are neither too harsh nor too lenient—where all defendants

3

at least start out being treated equally and with a better understanding of the possible consequences, rather than with "the luck of the draw" of unbridled subjectivity between different sentencing courts. *Gall v. United States*, 552 U.S. 38, 49 (2007); *see also Rita v. United States*, 551 U.S. 338, 351 (2007) ("An individual judge who imposes a sentence within the range recommended by the Guidelines thus makes a decision that is fully consistent with the Commission's judgment in general."); *United States v. Bistline*, 665 F.3d 758, 761 (6th Cir. 2012) ("Although the Sentencing Guidelines are now only advisory, they still 'should be the starting point and the initial benchmark' for choosing a defendant's sentence."). Not only do the district courts consider the Guidelines at the beginning of the sentencing, but they are to "remain cognizant of them throughout the sentencing process." *Gall*, 552 U.S. at 50 n. 6 (emphasis added).

The Guidelines incorporate important societal goals that rarely receive any real attention at sentencing. A sentence within the heartland of the guideline range provides certainty and fairness while avoiding unwarranted sentencing disparities among similarly situated defendants. *See*, Héctor L. Ramos-Vega, *Federal Sentencing Then, Federal Sentencing Now: The United States Sentencing Commission's Ill-Advised Efforts to Fix Something That Is not Broken*, 59 Fed. Law. 4, 4 (2012). That is why a sentence within the guideline range is almost always reasonable, and a district court that sentences within that range will rarely,

4

if ever, receive a rebuke from the circuit court for sentencing a defendant too harshly, or too leniently. *See, e.g., United States v. Lebowitz*, 676 F.3d 1000, 1013 (11th Cir. 2012).

Nothing in either the characteristics or history of Thomas Quinton, nor in the nature of the crime he committed, places this case outside the heartland of cases this Court has seen or will see in the future. Nothing sets his case apart from other defendants who have committed the same type of offense. A Guidelines sentence in this case would, therefore, ensure fairness and uniformity. Additionally, a Guidelines sentence in this case would reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense. Obviously, respect for the law is critical to the success of the criminal justice system. This respect is provided by ensuring that the sentence reflects the seriousness of the offense which, in turn, should provide just punishment for all interests involved. Finally, a Guidelines sentence in this case would also fulfill the purpose of deterring others from committing the offense. Based on all the

circumstances presented, the United States respectfully recommends that the court impose a sentence within the Guidelines range of 46 to 57 months.

DATED this 3rd day of February, 2014.

                                      MICHAEL W. COTTER
                                      United States Attorney

                                      */s/ Michael S. Lahr*
                                      MICHAEL S. LAHR
                                      Assistant U.S. Attorney
                                      Attorney for Plaintiff