AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# FILED

## UNITED STATES DISTRICT COURT

District of Montana, at GREAT FALLS

FEB 0 6 2014

Clerk, U.S District Court
District Of Montana
Great Falls

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| **v.** | ) | |
| THOMAS ANDREW QUINTON | ) | Case Number:  CR-13-67-GF-BMM-01 |
| | ) | USM Number:  12670-046 |
| | ) | Daniel Donovan (Retained) |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)   I of the Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2423(b) | Travel with Intent to Engage in Illicit Sexual Conduct | 7/3/2013 | 1 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

02/06/2014
Date of Imposition of Judgment

Signature of Judge

Brian Morris                    United States District Judge
Name and Title of Judge

02/06/2014
Date

AO 245B    (Rev. 09/11) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page    2    of    6

DEFENDANT:  THOMAS ANDREW QUINTON
CASE NUMBER:  CR-13-67-GF-BMM-01

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

48 months
Upon Defendant's release from custody, it is ordered that he be remanded to the control of the United States Bureau of Immigration and Customs Enforcement for deportation, as it has been established that the Defendant is an alien who may be subject to deportation proceedings.

☑ The court makes the following recommendations to the Bureau of Prisons:

That the Defendant participate in residential sex offender treatment at a facility designated by the Bureau of Prisons, if eligible.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m.  ☐ p.m.  on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT:  THOMAS ANDREW QUINTON
CASE NUMBER:  CR-13-67-GF-BMM-01

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

5 Years. While on supervised release, the Defendant shall not enter the United States without proper application to and receiving permission from the Bureau of Immigration and Customs Enforcement. The term of supervised release will be "inactive" while the Defendant is not residing in the United States. If the Defendant returns to the United States, legally or illegally, within 72 hours of return, he is to report to the nearest United States Probation Office and shall be subject to active supervised release supervision.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☑ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

DEFENDANT: THOMAS ANDREW QUINTON
CASE NUMBER: CR-13-67-GF-BMM-01

Judgment—Page    4    of    6

## SPECIAL CONDITIONS OF SUPERVISION

1. The Defendant shall comply with Sexual Offender Registration requirements for convicted offenders in any state in which the Defendant resides.

2. The Defendant shall enter and complete a sex offender treatment program as directed by and until released by the United States Probation Office. The Defendant shall abide by the policies of the program. The Defendant is to pay all or part of the costs of treatment as directed by United States Probation.

3. All employment must be approved in advance in writing by the United States Probation Office. The Defendant shall consent to third-party disclosure to any employer or potential employer.

4. The Defendant shall not be allowed to do the following without prior written approval of United States Probation: reside in the home, residence, or be in the company of any child under the age of 18, with the exception of his own children; go to or loiter near school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18; or date or socialize with anybody knowing they have children under the age of 18.

5. The Defendant shall not possess or view any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A)(i)-(v), including written stories, visual, auditory, telephonic, or electronic media, and computer programs or services. The Defendant shall not possess or view visual depiction, including man-made or computer-generated material, which portrays erotica, anime or cartoons which depict sexual conduct or sexual acts. The Defendant shall not patronize any place where such material or entertainment is the primary item of sale. The Defendant shall not utilize 900 or adult telephone numbers or any other sex-related numbers.

6. The Defendant shall not possess or use any computer or other device with access to any on-line computer service without the prior written approval of the probation office. The Defendant shall allow the probation office to make unannounced examinations of his computer, hardware, and software, which may include the retrieval and copying of all data from his computer. The Defendant shall allow the probation office to install software to restrict the Defendant's computer access or to monitor the Defendant's computer access. The Defendant shall not possess encryption or steganography software. The Defendant shall provide records of all passwords, Internet service, and user identifications (both past and present) to the probation office and immediately report changes. The Defendant shall sign releases to allow the probation office to access phone, wireless, Internet, and utility records.

7. The Defendant shall not possess camera phones or electronic devices that could be used for covert photography.

8. The Defendant shall submit his person, and any property, residence, place of employment, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, to a search at a reasonable time and a reasonable manner, with or without a warrant, which may include location monitoring and/or tracking of any vehicle the Defendant uses or has access to, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the person, in the lawful discharge of the officer's supervision functions. Failure to submit to search may be grounds for revocation. The Defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The Defendant shall allow seizure of suspected contraband for further examination.

9. The Defendant shall submit to not more than six polygraph examinations per year as directed by United States Probation to assist in treatment, planning, and case monitoring. The Defendant is to pay all or part of the cost of the examinations as directed by United States Probation.

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

Judgment — Page   5   of   6

DEFENDANT: THOMAS ANDREW QUINTON
CASE NUMBER: CR-13-67-GF-BMM-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ WAIVED | $ N/A |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $                  0.00 | $             0.00 | |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT:  THOMAS ANDREW QUINTON
CASE NUMBER:  CR-13-67-GF-BMM-01

Judgment — Page __6__ of __6__

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

      ☐ not later than _____ , or
      ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

    While incarcerated, criminal monetary penalty payments are due during imprisonment at the rate of not less than $25 per quarter, and payment shall be through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk, United States District Court, Missouri River Courthouse, 125 Central Avenue West, Ste. 110, Great Falls, Montana 59404, **Assessment Thomas Andrew Quinton**.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.